UNITED STATES of America,
Plaintiff–Appellee,

v.

Cheryl PUTRA, Defendant–Appellant.

No. 94-10040.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 1997.

Decided April 1, 1997.

Richard T. Pafundi, Honolulu, Hawaii, for
the defendant-appellant.

Pat Merkamp Stemler, United States Department of Justice, Washington, D.C., for the plaintiff-appellee.

Before HUG, Chief Judge, WALLACE and FARRIS, Circuit Judges.

PER CURIAM.

In *United States v. Watts,* —— U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam) (*Watts* ), the United States Supreme Court reversed two decisions of this court, *United States v. Watts,* 67 F.3d 790 (9th Cir.1995), and *United States v. Putra,* 78 F.3d 1386 (9th Cir.1996) (*Putra* ). In doing so, the Court twice cited the dissent to our decision in *Putra* and held "that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Watts,* at ——, 117 S.Ct. at 638. The Court then remanded *Putra* and *Watts* to this court.

The relevant facts are outlined in *Putra.* A jury convicted Putra on Count 18, which charged her with aiding and abetting in the possession with intent to distribute one ounce of cocaine on May 8, 1992, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The jury acquitted Putra on Count 19, which charged her with aiding and abetting in the possession with intent to distribute five ounces of cocaine on May 9, 1992, also in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At sentencing, the district court found by a preponderance of the evidence that Putra was involved in both Counts 18 and 19. The court then aggregated the amount of cocaine from both counts to calculate the sentence level, and sentenced her to 27 months. The *Putra* majority cited *United States v. Brady,* 928 F.2d 844, 851 & n. 12 (9th Cir.1991), and held that "a district court may not rely upon facts that have been rejected by a jury's not guilty verdict." *Putra,* 78 F.3d at 1389. The majority then remanded the case to the district court for resentencing.

We now know that *Brady* was wrongly decided, and thus we withdraw the majority published opinion in *Putra.* We adopt the reasoning of the *Putra* dissent. The district court did not clearly err in finding by a preponderance of the evidence that Putra was involved in both Counts 18 and 19. Although Putra was acquitted of Count 19, the district court properly considered the Count 19 conduct in determining Putra's offense level. Thus, we affirm the district court's sentence.

AFFIRMED.

HUG, Chief Judge, concurring:

While concurring in the Per Curiam opinion, I add these observations.

I read the majority opinion of the Supreme Court in *United States v. Watts,* — U.S. —, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), to be based upon an interpretation of the Sentencing Guidelines. As Justice Breyer notes in concurring, "I join the Court's per curiam opinion while noting that it poses no obstacle to the Commission itself deciding whether or not to enhance a sentence on the basis of conduct that a sentencing judge concludes did take place, but in respect to which a jury acquitted the defendant." *Id.* at —, 117 S.Ct. at 638. I hope that the Sentencing Commission will give special consideration to the jurisprudential wisdom of basing a sentence on alleged conduct of which a defendant has been acquitted by a jury.

The prosecution has elected to charge the defendant with two offenses. The defendant has mounted a defense to both charges. The judicial processes have been utilized to determine guilt or innocence. The jury has been asked to devote the time and energy to hear the evidence presented at trial, to consider that evidence in light of the instructions, and to render a verdict. It is difficult for me to see how the jury's effort is not seriously undercut, and in fact nullified, when the sentence of a defendant, after an acquittal on a charge, is the same as if the defendant had been convicted.

I can envision the difficulty of a defense counsel explaining to his client, "The jury convicted you of one count, but acquitted you of the other, however, under the Sentencing Guidelines the judge has sentenced you as though you were convicted of both." A likely reply, "But doesn't the judge have to respect the jury's determination?" The attorney explains, "Oh no, you see the judge views the facts under a different burden of proof." The defendant: "Then for all practical purposes the jury's acquittal had no effect at all; I thought I had the right to a jury finding me guilty of the crime before I got sentenced for committing it." Attorney: "No, you don't seem to understand; the judge doesn't have to pay any attention to what the jury did, because he operates under a different burden of proof. We lawyers and judges understand that sort of thing, even though it may not make common sense to you."

One wonders what the reaction of the jury would be if the jurors were told at the outset, "If you convict the defendant on one charge, but acquit her on the other, the judge, utilizing a different burden of proof, can sentence the defendant as though you had convicted her on both." Would this resonate with the jury as being fair to the defendant, worthwhile of their time and effort, and instill respect and admiration for our system of justice? I seriously doubt it.

The man on the street would be quite surprised to learn that our present guideline approach to sentencing permits a person to be charged with two offenses, convicted of one, acquitted of the other, and yet be sentenced as though he had been convicted of both. Sentencing on the basis of acquitted conduct gives the impression of a judge being able to second-guess a jury that has acquitted a defendant, despite our explanations about burdens of proof. For this reason, I believe consideration of this issue by the Sentencing Commission is most advisable.